McBRIDE, Judge.
The court below maintained defendant’s alternative plea of contributory negligence and dismissed plaintiff’s suit for damages allegedly accruing from an automobile collision which occurred on the morning of December 17, 1963, at France and Chartres Streets. Plaintiff appeals.
France Street terminates after intersecting Chartres, a two-way street paralleling the river. Plaintiff was driving his taxi cab in France Street and claims he stopped his vehicle upon reaching Chartres Street. He says that before attempting a left-turn maneuver thereinto, he looked in both directions and saw no traffic thereon approaching from his left. He testified on cross-examination:
“Q. Now, at the time you looked to your left a second time prior to entering Chartres Street, did you see any car going uptown on Chartres?
“A. No, sir.
*666 “Q. In other words you had looked twice and you’d seen no uptown traffic?
“A. I didn’t see any cars.”
Plaintiff proceeded onward and had not fully completed the turn when the two cars crashed. Defendant’s insured, who was proceeding' uptown on Chartres Street, had no chance to avert the accident.
 Had plaintiff observed the other car, which was unquestionably in close proximity to the intersection when he stopped and looked, caution and prudence would certainly have dictated that he remain in the stopped position until it had passed. The motorist must see what can be seen and in legal contemplation does see, and any failure on the part of the motorist to observe and be cognizant of what could have been seen by the exercise of diligence and caution constitutes negligence. Joffre v. Ike Haggert Machine Works, La.App., 100 So.2d 557.
Pretermitting the question of negligence on the part of defendant’s insured, plaintiff’s own negligence, which is manifest, would bar his recovery in any event.
Judgment affirmed.